IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANTWANE OWENS** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | **3:07-CV-00361** |
| | § | |
| **MERCEDES BENZ USA, LLC** | § | |
| **PARK PLACE MOTORCARS, LTD.** | § | |
| **d/b/a PARK PLACE MOTORCARS** | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Antwane Owens, ("Owens") complaining of Mercedes-Benz USA, LLC and Park Place Motorcars, LTD and for cause of action shows:

**I**

Plaintiff, Antwane Owens, is a resident of Dallas County, Texas.

Defendant Mercedes-Benz USA, LLC has been served, has answered, and is before the Court for all purposes.

Park Place Motors, Ltd. is a domestic limited partnership which may be served by serving its registered agent, Park Place Motorcars of Texas, Inc. via its registered agent, David W. Shuford, 2902 Carlisle Street, Suite 100, Dallas, Texas 75204.

The contract at issue was made in Dallas County; performance is to be had in Dallas County, Plaintiff resides in Dallas County, therefore, venue is proper in Dallas County, Texas.

### III

### NOTICE; CONDITIONS PRECEDENT

Defendant was given notice in writing of the claims made in this petition including a statement of Plaintiff's economic damages and expenses, including attorney fees, more than sixty days before this suit was filed in the manner and form required by DTPA §17.505(a).

All conditions precedent necessary to maintain this action have been performed or have occurred.

### IV

### FACTUAL BACKGROUND

On or about April 2, 2005, Mr. Owens leased a 2005 Mercedes SL500R, new, from Park Place Motorcars. Since the car was purchased, the vehicle has been in the shop several times to address numerous issues. Although several attempts to repair have been made, once a repair is made, another repair issue promptly arises. Since Mr. Owens has purchased the vehicle, it has been in the shop for more than 72 days. Mr. Owens has not been able to drive his vehicle for a number of days because all the needed repairs have not been made and the needed repairs make the car undriveable.

The defects or conditions of the vehicle are serious safety hazards, substantially impair the use or market value of the vehicle and the seller/manufacturer has had a reasonable number of attempts to repair the vehicle.

### V

<u>Causes of Action</u>

### BREACH OF WARRANTY

The condition of the vehicle at delivery and the failure to make adequate repairs despite numerous chances constitute a breach of the express warranty of each Defendant. Each Defendant's failure to perform its contractual obligation also constitutes a breach of each Defendant's implied warranty to perform the services in a good and workmanlike manner. That failure to perform was

the direct and proximate cause of the resulting damages to the Plaintiff. Each Defendant's actions also constitute violations of the Magnuson Moss Warranty Act, 15 U.S.C.§2301 et seq for which Plaintiff sues hereunder.

## VI

As a direct and proximate result of each Defendant's breach of the warranty to perform services in a good and workmanlike manner, and to deliver a vehicle without defects, Plaintiff has incurred the following necessary expenses, lost time from work, excessive inconvenience in constantly bringing the vehicle in for service, being unable to drive the vehicle for extended periods of time, having to drive a vehicle which is defective, making regular payments for a vehicle for which he is not receiving the benefit of a vehicle in good condition, reduced value of vehicle.

## VII

## **DECEPTIVE TRADE PRACTICE ACT**

Each Defendant violated the Texas Deceptive Trade Practices Act by engaging in false, misleading and/or deceptive acts or practices that Plaintiff relied on to his detriment. Specifically, each Defendant represented that the contract had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which it does not have, or that a person has a sponsorship, approval, status, affiliation, or connection, which he/she does not have [Texas Business & Commerce Code §17.46(b)(5)]; representing that goods or services are of a particular standard, quality, or grad, or that goods are of a particular style or model, if they are of another; [Texas Business & Commerce Code 17.46(b)(7); representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law [Texas Business & Commerce Code §17.46(b)(12)]; misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction [Texas Business & Commerce Code §17.46(b)14)]; the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the

consumer into a transaction into which the consumer would not have entered had the information been disclosed.[Texas Business & Commerce Code §17.46(b)(23)]

## VIII

## ECONOMIC DAMAGES

Each Defendant's conduct was a producing cause of economic damages incurred by Plaintiff. Specifically, Plaintiff is entitled to rescission of the vehicle or revocation of acceptance, a replacement vehicle and to be fully compensated for the downpayment he has paid for the current vehicle. Plaintiff will suffer a great loss at the time it becomes necessary to trade in the current vehicle for new one because it is defective. [Texas Business & Commerce Code §17.50(a)(3) & (b)(1)].

Plaintiff also seeks an award of discretionary additional damages in an amount not to exceed three times that portion of his actual damages which exceeds $1000, as authorized by DTPA §17.50(b)(1).

## IX

## RESCISSION/REVOCATION OF ACCEPTANCE

The nonconformities of the vehicle resulting from the breaches of warranty described above substantially impair the value of the vehicle to Plaintiff. The nonconformities of the vehicle resulting from the breaches of warranty described above were not seasonably, or ever, cured. Plaintiff accepted the vehicle without discovery of all the of the nonconformities resulting from the breaches of warranty described above. Plaintiff justifiably revoked his acceptance of the vehicle.

Plaintiff sues herein for its rescission/revocation of acceptance and the return of all monies paid to each Defendant by Plaintiff.

## X

## MAGNUSON MOSS WARRANTY ACT

Plaintiff sues for actual and punitive damages pursuant to the Magnuson Moss Warranty Act,

15 U.S.C.§2310(d) and to cancel the contract pursuant to §2304(a)(4).

The vehicle is a consumer product, as that term is defined by Magnuson Moss §2301(1) and was manufactured after July 4, 1975. Defendants are warrantors, as that term is defined in §2301(5) of the Magnuson Moss. Plaintiff is a consumer, as that term is defined in §2301(3) of Magnuson Moss. Plaintiff gave defendants a reasonable opportunity, on several occasions, to cure its failure to comply with its warranties and Defendants did not cure.

## XI

## DECLARATORY RELIEF

A justiciable controversy exists between Plaintiff and each Defendant concerning whether the vehicle has failed of its essential purpose or is not fit for the purpose for which it was sold as a matter of law and is entitled to a complete refund of all monies paid. Pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, Plaintiff seeks a declaration from this Court that the Plaintiff is entitled to rescind or revoke the contract.

## XII

## ATTORNEY FEES

Plaintiff is entitled to recover reasonable and necessary attorney fees under §17.50(d) of the Deceptive Trade Practices Act, §38.001 of the Civil Practice and Remedies Code and §2310(d) of the Magnuson Moss Warranty Act. Plaintiff seeks all reasonable and necessary attorney's fees incurred in this case, which include the following:

    (a)    Preparation and trial of this lawsuit;

    (b)    Post-trial, pre-appeal legal services;

    (c)    An appeal to the Court of Appeals;

    (d)    Making or responding to an application for writ of error to the Supreme Court of Texas;

    (e)    An appeal to the Supreme Court of Texas in the event application for writ of error is

granted; and/or

(f)     Post judgment discovery and collection in the event execution on the judgment is necessary.

## XIII

## REQUEST FOR RELIEF

(a)   Plaintiff requests that each Defendant be cited according to law to appear and answer.

(b)   Plaintiff seeks rescission of the contract;

(c)   Plaintiff demands judgment against each Defendant for all actual damages and attorneys' fees, and all statutory additional or exemplary damages as set forth above, costs of court, and prejudgment and postjudgment interest at the highest lawful rates.

(d)   Plaintiff also asks for such other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Sharon K. Campbell
Sharon K. Campbell
State Bar # 03717600
Premier Place, Suite 1040
5910 N. Central Expressway
Dallas, Texas 75206
Telephone: 214/351-3260
Fax: 214/739-0151

I certify that I am serving Defendant Mercedes Benz USA, LLC a true and correct copy of this pleading via electronic mail and facsimile.

s/s Sharon K. Campbell