IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANTWANE OWENS,                    §
                                  §
              Plaintiff,          §
                                  § Civil Action No. 3:07-CV-0361-D
VS.                               §
                                  §
MERCEDES-BENZ USA, LLC, et al.,   §
                                  §
              Defendants.         §

MEMORANDUM OPINION
AND ORDER

Defendants' motion for summary judgment presents questions related to whether a plaintiff who has leased a vehicle "as is" can recover under statutory and common law claims. For the reasons that follow, the court grants the motion in part and denies it in part.

I

Plaintiff Antwane Owens ("Owens") leased an automobile from defendant Park Place Motorcars, Ltd. ("Park Place"). From the inception of the lease, the vehicle experienced various mechanical problems, and it was necessary that he return it to the dealership several times for repairs.[1] Owens now sues Park Place and Mercedes Benz USA, LLC ("Mercedes"), the vehicle's manufacturer, for damages and equitable relief under the Texas Deceptive Trade

---

[1] The court recounts the evidence in a light favorable to Owens as the summary judgment nonmovant and draws all reasonable inferences in his favor. *E.g., U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.) (citing *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000)).

Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41- 17.826 (Vernon 2002 & Supp. 2007); the Magnuson Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"); and on other Texas statutory and common law claims. Defendants move for summary judgment.[2]

II

Because defendants do not have the burden at trial concerning Owens' claims, they can meet their summary judgment obligation by pointing the court to the absence of evidence to support them. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once defendants do so, Owens must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). His failure to produce proof as to any essential element renders all other facts immaterial. *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Owens' favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is mandatory if Owens fails to meet his burden. *Little*, 37 F.3d at 1076.

---

[2]Although defendants denominate their motion as a motion for summary judgment, they do not present argument concerning Owens' state-law breach of warranty claim against Mercedes or his common law claim for rescission against Park Place. Accordingly, they are not entitled to summary judgment dismissing these claims.

- 2 -

III

Owens' DTPA claims are based on alleged misrepresentations made to him at the time he entered into the lease. Defendants seek summary judgment on these claims on the ground that Owens signed an agreement to accept the vehicle "as is."

A

To prevail on a DTPA cause of action, Owens must prove that defendants' misrepresentations were the producing cause of his injuries. *See* Tex. Bus. & Com. Code Ann. § 17.50(a); *Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 117 (Tex. 2004). Producing cause requires that the acts be both a cause-in-fact and a "substantial factor" in causing the injuries. In *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007), the Texas Supreme Court clarified how the concept of "producing cause" should be defined in a jury charge.

> Defining producing cause as being a substantial factor in bringing about an injury, and without which the injury would not have occurred, is easily understood and conveys the essential components of producing cause that (1) the cause must be a substantial cause of the event in issue and (2) it must be a but-for cause, namely one without which the event would not have occurred.

*Id.* at 46. It is also correct to instruct the jury "that there may be more than one producing cause of an event." *Id.* at 45.

The Texas Supreme Court has held that where a contract contains an agreement to buy something "as is," causation is generally negated as a matter of law. *Prudential Ins. Co. of Am.*

*v. Jefferson Assocs.*, 896 S.W.2d 156, 161 (Tex. 1995). The theory behind this rule is that "[t]he sole cause of a buyer's injury in such circumstances, by his own admission, is the buyer himself. He has agreed to take the full risk of determining the value of the purchase." *Id.* The Supreme Court was careful to note, however, that an "'as is' agreement [does not] have this determinative effect in every circumstance." *Id.* at 162. "A buyer is not bound by an agreement to purchase something 'as is' that he is induced to make because of a fraudulent representation or concealment of information by the seller." *Id.* Moreover, "other aspects of a transaction may make an 'as is' agreement unenforceable. The nature of the transaction and the totality of the circumstances . . . must be considered." *Id.* "[A]n 'as is' agreement freely negotiated by similarly sophisticated parties as part of the bargain in an arm's-length transaction has a different effect than a provision in a standard form contract which cannot be negotiated and cannot serve as the basis of the parties' bargain." *Id.*

The Texas Supreme Court has not decided which party bears the burden of proof regarding these issues. To answer this question, the court must examine other authorities "to determine, as best it can, what the [Texas Supreme Court] would decide." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 749 (5th Cir. 1995) (Fitzwater, J.) (internal quotation marks omitted).

Intermediate Texas courts generally treat an "as is" agreement

as a "defense" raised in the first place by a seller-defendant. *See Larsen v. Carlene Langford & Assocs.*, 41 S.W.3d 245, 253 (Tex. App. 2001, pet. denied) (referring to "as is" clause as "defense raised by the seller"); *Kawecki v. Int'l Bank of Commerce*, 2003 WL 21782345, at *7 (Tex. App. 2003) (not designated for publication) (similar). Once the defendant has established such an agreement, the courts appear to place on the buyer-plaintiff the burden of proving that the agreement was invalid, whether due to "fraudulent representation . . . [or] other aspects of [the] transaction," *Prudential,* 896 S.W.2d 162. *See also Larsen*, 41 S.W.3d at 253 (holding that "[t]o successfully raise the counter-defense of fraudulent inducement the buyer must present some summary judgment evidence"); *Welwood v. Cypress Creek Estates, Inc.*, 205 S.W.3d 722, 727 (Tex. App. 2006, no pet.) (affirming summary judgment against plaintiff who "did not . . . present evidence that the 'as is' clause was not part of the basis of the bargain"); *Savage v. Doyle*, 153 S.W.3d 231, 236 (Tex. App. 2004, no pet.) (holding that "[i]n the context of a summary judgment, a document containing [an "as is" clause] conclusively negates the element of reliance," and that to "avoid summary judgment, therefore, the buyer must present some summary judgment evidence" (internal quotation marks omitted)); *Rader v. Danny Darby Real Estate, Inc.*, 2001 WL 1029355, at *5 (Tex. App. Sept. 10, 2001, no pet.) (not designated for publication) (affirming summary judgment against plaintiff whose

"responsive summary judgment evidence . . . failed to raise a material fact issue" regarding, *inter alia*, circumstances surrounding 'as is' agreement). The Texas Supreme court has employed a similar burden-shifting paradigm in the limitations context. *See, e.g., Am. Petrofina, Inc. v. Allen,* 887 S.W.2d 829, 830 (Tex. 1994) (holding that once defendant establishes that plaintiff's claim has been brought outside the relevant limitations period, burden shifts to plaintiff "to come forward with proof raising an issue of fact with respect to [the counter-defense of fraudulent concealment]" (internal quotation marks omitted)); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990) (holding that "when a defendant . . . has affirmatively pleaded the defense of limitations, and when failure to timely serve the defendant has been shown, the burden shifts to the plaintiff . . . to explain the delay [and thus establish the counter-defense of due diligence]"). Because this approach appears to be consistent with the one taken in *Prudential*, the court predicts that the Texas Supreme Court would adopt it for this context as well. This court therefore applies these principles to the present case.

B

Defendants have adduced undisputed evidence that Owens signed a written agreement to lease the vehicle "as is." Therefore, the burden shifts to Owens to produce evidence that, due to fraudulent inducement or some other circumstances, the agreement is not

effective to negate causation. He has not met this burden.

Owens advances the conclusory contention that the agreement is ineffective under principles set out in *Prudential,* but he does not describe the circumstances surrounding his agreement or produce pertinent evidence. From the court's review of *defendants'* appendix, it is apparent that the agreement was embodied in a standard form contract, but this fact alone cannot defeat summary judgment. Even with the use of a standard form contract, Owens may have "agreed to take the full risk of determining the value of the purchase" when he acquired the vehicle "as is." *See Prudential*, 896 S.W.2d at 162. For example, he may have understood that he was purchasing the vehicle "as is" and known what that meant. *See Bynum v. Prudential Residential Servs., Ltd.*, 129 S.W.3d 781, 789 (Tex. App. 2004, pet. denied) (holding that "as is" agreement negates causation under such circumstances even if embodied in standard form contract). Defendants have in fact offered evidence to this effect. *See* Ds. App. 69, 74-77. Therefore, Owens must produce something besides the bare copy of the contract—e.g., evidence that he lacks relative sophistication—to show that this "as is" agreement is ineffective to negate causation. Because he has not done so, defendants are entitled to summary judgment dismissing Owens' DTPA claims.

IV

A

Defendants also move for summary judgment on the state- and federal-law claims against Park Place for breach of warranty. They contend that Owens has no right to relief because Park Place never issued any warranty, and that, in any event, Owens signed a warranty disclaimer. Owens responds that a disclaimer is ineffective to negate express warranties. *See* Tex. Bus. & Com. Code Ann. § 2.316(a) (Vernon 1994) ("[W]ords or conduct tending to negate or limit [express] warranty . . . [are] inoperative to the extent that [such statements cannot be reconciled with the warranty]."). He also posits that Park Place did in fact make express warranties.

B

An express warranty is an "affirmation of fact or promise made by the seller which relates to the goods and becomes part of the basis of the bargain," or alternatively, a "description of the goods which is made part of the basis of the bargain." Tex. Bus. & Com. Code Ann. § 2.313(a)(1) (Vernon 1994) (also describing third type of express warranty that is inapplicable to this case). An express warranty need not be made in writing. *See, e.g., Sw. Bell Tel. Co. v. FDP Corp.* 811 S.W.2d 572, 573 (Tex. 1991) (agreeing with court of appeals that oral statements may constitute express warranty, although reversing on other grounds).

Owens alleges that after he acquired the vehicle, he frequently brought it to the Park Place service shop for repairs, and that each time he retrieved it, Park Place personnel told him they had fixed the relevant problem. Owens contends that these statements are express warranties. The court disagrees.

These statements cannot constitute express warranties because they were made *after* the parties' bargain had already been consummated. *See* Tex. Bus. & Com. Code § 2.316(a) ("Express warranties by the seller are created . . . [when the relevant statement] becomes part of the *basis of the bargain*." (emphasis added)). Owens also advances general allegations that, prior to the lease, Park Place made certain representations orally and in service manuals. Based on the court's review of the portions of the appendix that Owens cites in his brief, the court finds nothing even resembling an "affirmation of fact" or "description of the goods" by Park Place. At one point Owens testified by deposition that Park Place claimed to provide "exceptional service," and, at another, Owens describes his general impression that Park Place would take responsibility for the vehicle's quality. *See* P. App. 69-74, 77-78, and 92-93. This evidence would not enable a reasonable jury to find that Park Place made a particular affirmation of fact or provided a description of goods. Because Owens has not adduced evidence of any express warranty by Park Place, the court grants summary judgment dismissing his breach of

warranty claims against Park Place.

V

A

Owens also brings breach of warranty claims against Mercedes based §§ 2304 and 2310 of the MMWA. In moving for summary judgment on these claims, defendants do not dispute that Mercedes issued a warranty. Rather, they maintain that Owens has no right to relief under the MMWA because the warranty was conspicuously designated as a "limited warranty."

B

The warranty Mercedes issued to Owens is written, and under § 2310(d)(1), this is sufficient to support a claim where the warranty has been breached. *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 918 (9th Cir. 2005) ("[T]he Magnuson-Moss Warranty Act creates a private cause of action for a warrantor's failure to comply with the terms of a written warranty . . . . [W]hether the written warranty is full or limited makes no difference."); *see also* 15 U.S.C. § 2310(d)(1) ("[A] consumer who is damaged by the failure of a . . . warrantor . . . to comply with any obligation . . . under a written warranty . . . may bring suit[.]"). This is not, however, enough to support an action based on § 2304, because the minimum standards established by that section apply only to full warranties—-i.e., a conspicuously designated "limited warranty" is exempt from its scope. *See* 15

U.S.C. § 2303(a)(2) ("If the written warranty does not meet the Federal minimum standards for warranty set forth in section 2304 of this title, then it shall be conspicuously designated a 'limited warranty'."); *see also, e.g., Gilbert v. Monaco Coach Corp.*, 352 F.Supp.2d 1323, 1330 (N.D. Ga. 2004) (holding that this provision exempts conspicuously designated "limited warranties" from the strictures of § 2304). Accordingly, the court grants summary judgment as to Owens' § 2304 claim, but it denies summary judgment as to his claim under § 2310.

VI

Finally, defendants move for summary judgment on Owens' Texas-law claims against Mercedes for rescission or revocation. Owens does not respond to this ground of the motion, but in fact concedes that he has no right of rescission or revocation of acceptance against Mercedes. The court grants the motion in this respect.

\* \* \*

Accordingly, for the reasons set out, the court grants in part and denies in part defendants' December 3, 2007 motion for summary judgment. The court grants summary judgment with respect to Owens' claims against Mercedes for rescission or revocation of acceptance; grants the motion with respect to his § 2304 claim; denies the motion with respect to the § 2310 claim; grants the motion with respect to all claims for breach of warranty against Park Place; and grants the motion with respect to Owens' claims against both

defendants under the DTPA.

**SO ORDERED.**

March 11, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE