IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANTWANE OWENS,                    §
                                  §
                Plaintiff,        §
                                  §  Civil Action No. 3:07-CV-0361-D
VS.                               §
                                  §
MERCEDES-BENZ USA, LLC, et al.,   §
                                  §
                Defendants.       §

MEMORANDUM OPINION
AND ORDER

        Defendants Mercedes Benz USA, LLC ("Mercedes") and Park Place

Motorcars, Ltd. ("Park Place") move under Fed. R. Civ. P. 12(c) for

judgment on the pleadings dismissing the claims of plaintiff

Antwane Owens ("Owens") against Park Place for rescission,

revocation of acceptance, and declaratory judgment.   For the

reasons that follow, the court converts the motion to a Rule 56

motion for summary judgment and grants Owens 20 days to file a

response brief (and any evidence appendix) that demonstrates why

the court should not dismiss these claims against Park Place.

I

        Owens leased a Mercedes automobile from Park Place, and after

experiencing various mechanical problems with the vehicle, sued

Park Place and Mercedes.   *See Owens v. Mercedes-Benz USA, LLC,* 541

F.Supp.2d 869, 870 (N.D. Tex. 2008) (Fitzwater, C.J.) ("*Owens I*").

The court granted in part defendants' motion for summary judgment,

and, *inter alia,* dismissed Owens' claims against Park Place for

breach of warranty and for violations of the Texas Deceptive Trade

Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41- 17.826 (Vernon 2002 & Supp. 2007). *Owens I*, 541 F.Supp.2d at 874. The court did not grant summary judgment as to Owens' remaining claims against Park Place for rescission and/or revocation of acceptance——or as to his request for a declaratory judgment that he is entitled to such relief——because defendants did not address these claims in their motion or brief. *Id.* at 870 n.2. Defendants now move under Rule 12(c) for a judgment on the pleadings concerning Owens' remaining claims for rescission, revocation of acceptance, and declaratory judgment against Park Place. They maintain that the court's decision in *Owens I* regarding his breach of warranty claim necessarily resolves the remaining claims against Park Place.[1]

II

A Rule 12(c) motion for judgment on the pleadings is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Wright & Miller, Federal Practice and Procedure § 1367, at 509-10 (1990)). The motion should be granted only if there is no issue of material fact and if

---

[1]Defendants also moved to strike Owens' response brief, but they later withdrew this motion.

the pleadings show that the moving party is entitled to prevail as a matter of law. *Greenberg v. Gen. Mills Fin. Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002) (Fitzwater, J.) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368, at 591 (Supp. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion.") (footnote omitted)). "In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks and citation omitted) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 64-65 (2007) (citations, quotation marks, and brackets omitted). "'Factual allegations must be enough to raise a right to relief above the speculative level[.]'" *Id.* (quoting *Bell Atl.*, 127 S.Ct.

at 1965).

III

In moving for judgment on the pleadings, defendants maintain that rescission and revocation of acceptance are merely remedies for a breach of warranty claim, and that they can never serve as independent causes of action. This premise, which Owens disputes, is questionable. *See Neilly v. Arron,* 724 S.W.2d 908, 913-14 (Tex. App. 1987, no writ) (listing five "elements" for "the cause of action of revocation of acceptance"); *Lowrey v. Univ. of Tex. Med. Branch at Galveston*, 837 S.W.2d 171, 174 (Tex. App. 1992, writ denied) (holding that a "cause of action for rescission accrues when the plaintiff discovered or should have reasonably discovered the fraud, mistake, or other ground" for rescission). But as the court explains below, the absence of a breach of warranty precludes Owens' claims for rescission and revocation of acceptance in the context of this action because of the way Owens has framed these claims in his complaint.

A claim for revocation of acceptance under Tex. Bus. & Com. Code Ann. § 2.608 (Vernon 1994) requires proof, *inter alia,* that the goods received by the plaintiff were "non-conforming." *Neilly,* 724 S.W.2d at 914; *Transoil (Jersey) Ltd. v. Belcher Oil Co.,* 950 F.2d 1115, 1120 (5th Cir. 1992)). "'Non-conformity' is defined in terms of the contract of sale: goods are ''conforming' or conform to the contract when they are in accordance with the obligations

under the contract.'" *Leifester v. Dodge Country, Ltd.*, 2007 WL 283019, at *4 (Tex. App. Feb. 1, 2007, no pet.) (not designated for publication) (quoting Tex. Bus. & Com. Code Ann. § 2.106(b)). A claim for common law rescission, by contrast, seeks "to set aside a contract that is legally valid but is marred by fraud [or] mistake[,] or for some other reason must be set aside to avoid unjust enrichment." *Lowrey*, 837 S.W.2d at 175.

The only allegation in Owens' complaint that purports to establish any of the foregoing elements is that Park Place breached unspecified warranties. *See* Am. Compl. § IX ("The nonconformities of the vehicle result[ed] from the breaches of warranty[.]"). But the court held in *Owens I* that a reasonable jury could not find that Park Place breached any warranties. *Owens I,* 541 F.Supp.2d at 873. Because Owens' only basis for seeking rescission and revocation of acceptance against Park Place has been foreclosed by the court's summary judgment ruling in *Owens I*, these claims are also subject to dismissal on summary judgment. Likewise, because Owens pleads no independent basis for seeking a judicial declaration that he is entitled to such relief, the declaratory judgment claim against Park Place must be dismissed as well.

IV

The court must reach the foregoing result in the context of a summary judgment motion, however, because of the procedural restrictions imposed on a Rule 12(c) motion. Because the court is

relying on evidence outside the pleadings, it must convert defendants' motion. *Cf.* Rule 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). When this occurs, Owens (and defendants) must be notified. *See id.* ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). And, with exceptions not applicable here, it is error to convert a Rule 12(c) motion to a summary judgment motion and grant summary judgment without allowing the nonmovant to respond to the motion.

Accordingly, the court notifies Owens that it intends to grant summary judgment dismissing his claims against Park Place for rescission, revocation of acceptance, and declaratory judgment unless, within 20 days of the date this memorandum opinion and order is filed, he files a brief (and any evidence appendix) that demonstrates why the court should not dismiss these claims against Park Place. If Owens timely responds, the court will decide whether to request a reply brief from defendants. If he fails to respond, or he responds but fails to establish why summary judgment should not be granted, the court will dismiss the claims as set forth in this memorandum opinion and order.

      \*     \*     \*

Accordingly, for the reasons stated, the court converts defendants' Rule 12(c) motion to a motion for summary judgment and notifies Owens that it intends to dismiss his remaining claims against Park Place for rescission, revocation of contract, and declaratory judgment unless he demonstrates why summary judgment should not be granted.

**SO ORDERED.**

August 6, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE