IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANTWANE OWENS, §
 §
 Plaintiff, §
 § Civil Action No. 3:07-CV-0361-D
VS. §
 §
MERCEDES-BENZ USA, LLC, et al., §
 §
 Defendants. §

MEMORANDUM OPINION
AND ORDER

In a memorandum opinion and order filed August 6, 2008, the court converted the Fed. R. Civ. P. 12(c) motion of defendants Mercedes Benz USA, LLC ("Mercedes") and Park Place Motorcars, Ltd. ("Park Place") into a motion for summary judgment and notified plaintiff Antwane Owens ("Owens") that it intended to dismiss his remaining claims against Park Place for rescission, revocation of contract, and declaratory judgment unless he demonstrated why summary judgment should not be granted. *Owens v. Mercedes Benz USA, LLC*, 2008 WL 3152966, at *1, *3 (N.D. Tex. Aug. 6, 2008) (Fitzwater, C.J.) ("*Owens II*"). The court allowed Owens 20 days to file a response brief (and any evidence appendix) that demonstrated why the court should not dismiss these claims against Park Place. *Id.* at *1. It notified Owens that, if he failed to respond, the court would dismiss the claims as set forth in the memorandum opinion and order. *Id.* at *3.

Owens' response to the memorandum opinion and order was due August 26, 2008, but he did not respond. Accordingly, in

accordance with *Owens II*, the court by Rule 54(b) final judgment filed today dismisses with prejudice Owens' remaining claims against Park Place for rescission, revocation of contract, and declaratory judgment.

Mercedes and Park Place filed on September 2, 2008 a motion for entry of partial summary judgment, in which they ask the court to apply *Owens II* in view of Owens' failure to file a response. Because under *Owens II* defendants' motion is unnecessary, it is denied without prejudice as moot.

Accordingly, Owens' remaining claims against Park Place for rescission, revocation of contract, and declaratory judgment are dismissed with prejudice by Rule 54(b) final judgment filed today.[*]

**SO ORDERED.**

September 4, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.